**CAROLYN A. QUATTROCKI**
*Chief Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**CARRIE J. WILLIAMS**
*Deputy Attorney General*

**SHARON S. MERRIWEATHER**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Deputy Attorney General*



**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**
**CIVIL LITIGATION DIVISION**

**ANTHONY G. BROWN**
*Attorney General*

**ROBERT A. SCOTT**
*Division Chief*

**JOSHUA R. CHAZEN**
*Deputy Division Chief*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief of Staff*

**HOWARD R. FELDMAN**
*Senior Assistant Attorney General*

November 13, 2025

**VIA ECF**
Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

Re:  *AbbVie, Inc., et al. v. Anthony G. Brown, et al.*, No. 24-1939 (L)

Dear Madam Clerk:

On behalf of the appellees, this letter responds to AbbVie, Inc.'s Rule 28(j) notice (ECF No. 77) regarding *AbbVie, Inc. v. Drummond*, No. 25-726-PRW, 2025 WL 3048930 (W.D. Okla. Oct. 31, 2025), and notifies the Court of *AbbVie, Inc. v. Weiser*, No. 25-cv-1847-WJM-KAS, 2025 WL 3041825 (D. Colo. Oct. 31, 2025), decided on the same day.

*Drummond* does not help AbbVie here because it rests on erroneous conclusions about Oklahoma's law—namely, that the law "expands the definition of 'covered entity' to include" pharmacies and compels manufacturers to sell discounted drugs to pharmacies   2025 WL 3048930, at *6, *8.  Like H.B. 1056, Oklahoma's law merely requires that manufacturers comply with covered entities' delivery instructions.  Any post-sale questions of diversion must be addressed by federal regulators.  Regarding preemption, it is incorrect that the Oklahoma law would require the state "to police potential overcharges" of drugs purchased by pharmacies.  *Id*. at *8.  Rather, enforcement would turn on manufacturers' compliance with delivery instructions received in connection with drugs purchased

by covered entities.  The same is true of Maryland's law.  *See* Appellees' Br. 14, 42-43, 49, 59.

*Weiser*, on the other hand, is on point and underscores the constitutionality of Maryland's law.  In *Weiser*, the court denied injunctive relief because AbbVie is not likely to succeed on the merits.  As to field preemption, the court explained that Congress did not intend to preempt Colorado's drug delivery law because the federal 340B law "does not dictate many of the terms regarding manufacturers' obligation to offer and provide the drugs."  2025 WL 3041825, at *8 (quotation marks omitted). Regarding claim preemption, the court observed that the state law is "aimed at activity that falls outside the purview of 340B" and does not require manufacturers to offer discounted drugs for sale to pharmacies.  *Id*. at *10-11 (quotation marks omitted).  Finally, the court found that AbbVie's voluntary participation in the 340B program presented "a nearly insurmountable obstacle to the success of [its] Takings claim."  *Id*. at *13.  These conclusions and their underlying logic align with Maryland's preemption and Takings Clause arguments here.

Respectfully submitted,

/s/ Howard R. Feldman

Howard R. Feldman