**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1939**

ABBVIE, INC., (a Delaware corporation); ALLERGAN, INC., (a Delaware corporation); DURATA THERAPEUTICS, INC., (a Delaware corporation); ABBVIE PRODUCTS LLC, (a Georgia limited liability company); APTALIS PHARMA US, INC., (a Delaware corporation); PHARMACYCLICS LLC; ALLERGAN SALES, LLC, (a Delaware limited liability company),

Plaintiffs – Appellants,

and

NOVARTIS PHARMACEUTICALS CORPORATION; PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA; ASTRAZENECA PHARMACEUTICALS LP,

Plaintiffs,

v.

ANTHONY G. BROWN, in his official capacity as Attorney General of the State of Maryland; KRISTOPHER RUSINKO, in his official capacity as Board President of the Maryland Board of Pharmacy; DAPHANIE ROBINSON, in her official capacity as a member of the Maryland Board of Pharmacy; ADETORO ORIAIFO, in his official capacity as a member of the Maryland Board of Pharmacy; KRISTEN FINK, in her official capacity as a member of the Maryland Board of Pharmacy; KAREN SLAGLE, in her official capacity as a member of the Maryland Board of Pharmacy; BRENDA OLIVER, in her official capacity as a member of the Maryland Board of Pharmacy; KARLA EVANS, in her official capacity as a member of the Maryland Board of Pharmacy; JAVIER VAZQUEZ, in his official capacity as a member of the Maryland Board of Pharmacy; AKESH PATEL, in his official capacity as a member of the Maryland Board of Pharmacy; KEVIN MORGAN, in his official capacity as a member of the Maryland Board of Pharmacy; JENNIFER HARDESTY, in her official capacity as a member of the Maryland Board of Pharmacy; PEGGY GLASCOE GEIGHER, in her official capacity as a member of the Maryland Board of Pharmacy; NEIL LEIKACH, in his

official capacity as a member of the Maryland Board of Pharmacy; MARYLAND BOARD OF PHARMACY/PRESIDENT,

Defendants – Appellees.

------------------------------

AMERICAN HOSPITAL ASSOCIATION; MARYLAND HOSPITAL ASSOCIATION; MID-ATLANTIC ASSOCIATION OF COMMUNITY HEALTH CENTERS; 340B HEALTH; AMERICAN SOCIETY OF HEALTH-SYSTEM PHARMACISTS,

Amici Supporting Appellees.

---

**No. 24-1949**

---

NOVARTIS PHARMACEUTICALS CORPORATION,

Plaintiff – Appellant,

and

ABBVIE, INC., (a Delaware corporation); ALLERGAN, INC., (a Delaware corporation); DURATA THERAPEUTICS, INC., (a Delaware corporation); ABBVIE PRODUCTS LLC, (a Georgia limited liability company); APTALIS PHARMA US, INC., (a Delaware corporation); PHARMACYCLICS LLC; ALLERGAN SALES, LLC, (a Delaware limited liability company); PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA; ASTRAZENECA PHARMACEUTICALS LP,

Plaintiffs,

v.

ANTHONY G. BROWN, in his official capacity as Attorney General of the State of Maryland; KRISTOPHER RUSINKO, in his official capacity as Board President of the Maryland Board of Pharmacy; DAPHANIE ROBINSON, in her official capacity as a member of the Maryland Board of Pharmacy; ADETORO ORIAIFO, in his official capacity as a member of the Maryland Board of Pharmacy; KRISTEN FINK, in her official capacity as a member of the Maryland Board of Pharmacy; KAREN SLAGLE, in her official capacity as a member of the Maryland Board of

Pharmacy; BRENDA OLIVER, in her official capacity as a member of the Maryland Board of Pharmacy; KARLA EVANS, in her official capacity as a member of the Maryland Board of Pharmacy; JAVIER VAZQUEZ, in his official capacity as a member of the Maryland Board of Pharmacy; AKESH PATEL, in his official capacity as a member of the Maryland Board of Pharmacy; KEVIN MORGAN, in his official capacity as a member of the Maryland Board of Pharmacy; JENNIFER HARDESTY, in her official capacity as a member of the Maryland Board of Pharmacy; PEGGY GLASCOE GEIGHER, in her official capacity as a member of the Maryland Board of Pharmacy; NEIL LEIKACH, in his official capacity as a member of the Maryland Board of Pharmacy; MARYLAND BOARD OF PHARMACY/PRESIDENT,

Defendants – Appellees.

------------------------------

AMERICAN HOSPITAL ASSOCIATION; MARYLAND HOSPITAL ASSOCIATION; MID-ATLANTIC ASSOCIATION OF COMMUNITY HEALTH CENTERS; 340B HEALTH; AMERICAN SOCIETY OF HEALTH-SYSTEM PHARMACISTS,

Amici Supporting Appellees.

**No. 24-1978**

PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,

Plaintiff – Appellant,

and

ABBVIE, INC., (a Delaware corporation); ALLERGAN, INC., (a Delaware corporation); DURATA THERAPEUTICS, INC., (a Delaware corporation); ABBVIE PRODUCTS LLC, (a Georgia limited liability company); APTALIS PHARMA US, INC., (a Delaware corporation); PHARMACYCLICS LLC; ALLERGAN SALES, LLC, (a Delaware limited liability company); NOVARTIS PHARMACEUTICALS CORPORATION; ASTRAZENECA PHARMACEUTICALS LP,

Plaintiffs

v.

ANTHONY G. BROWN, in his official capacity as Attorney General of the State of Maryland; KRISTOPHER RUSINKO, in his official capacity as Board President of the Maryland Board of Pharmacy; DAPHANIE ROBINSON, in her official capacity as a member of the Maryland Board of Pharmacy; ADETORO ORIAIFO, in his official capacity as a member of the Maryland Board of Pharmacy; KRISTEN FINK, in her official capacity as a member of the Maryland Board of Pharmacy; KAREN SLAGLE, in her official capacity as a member of the Maryland Board of Pharmacy; BRENDA OLIVER, in her official capacity as a member of the Maryland Board of Pharmacy; KARLA EVANS, in her official capacity as a member of the Maryland Board of Pharmacy; JAVIER VAZQUEZ, in his official capacity as a member of the Maryland Board of Pharmacy; AKESH PATEL, in his official capacity as a member of the Maryland Board of Pharmacy; KEVIN MORGAN, in his official capacity as a member of the Maryland Board of Pharmacy; JENNIFER HARDESTY, in her official capacity as a member of the Maryland Board of Pharmacy; PEGGY GLASCOE GEIGHER, in her official capacity as a member of the Maryland Board of Pharmacy; NEIL LEIKACH, in his official capacity as a member of the Maryland Board of Pharmacy; MARYLAND BOARD OF PHARMACY/PRESIDENT,

Defendants – Appellees.

------------------------------

AMERICAN HOSPITAL ASSOCIATION; MARYLAND HOSPITAL ASSOCIATION; MID-ATLANTIC ASSOCIATION OF COMMUNITY HEALTH CENTERS; 340B HEALTH; AMERICAN SOCIETY OF HEALTH-SYSTEM PHARMACISTS,

Amici Supporting Appellees.

---

Appeals from the United States District Court for the District of Maryland, at Baltimore. Matthew James Maddox, District Judge. (1:24-cv-01557-MJM)

---

Argued: September 9, 2025 Decided: April 14, 2026

---

Before RICHARDSON, RUSHING, and BENJAMIN, Circuit Judges.

---

Vacated and remanded by unpublished opinion. Judge Richardson wrote the opinion, in which Judge Rushing joined. Judge Benjamin wrote a dissenting opinion.

---

**ARGUED:** Matthew Scott Owen, KIRKLAND & ELLIS, LLP, Washington, D.C.; Philip J. Perry, LATHAM & WATKINS, LLP, Washington, D.C.; Jessica Lynn Ellsworth, HOGAN LOVELLS US LLP, Washington, D.C., for Appellants. Ryan Robert Dietrich, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees. **ON BRIEF:** Ashley C. Parrish, John D. Shakow, Washington, D.C., Nicole Bronniman, KING & SPALDING LLP, Houston, Texas; Meredith M. Pohl, Lucas H. Funk, KIRKLAND & ELLIS, Washington, D.C.; Timothy Maloney, JOSEPH GREENWALD LAAKE, Greenbelt, Maryland, for Appellants AbbVie, Inc.; Allergan, Inc.; Durata, Therapeutics, Inc.; AbbVie Products LLC; Aptalis Pharma US, Inc.; Pharmacyclics LLC; and Allergan Sales, LLC. Catherine E. Stetson, Susan M. Cook, Marlan Golden, HOGAN LOVELLS US LLP, Washington, D.C., for Appellant Novartis Pharmaceuticals Corporation. Andrew D. Prins, Abid R. Qureshi, LATHAM & WATKINS LLP, Washington, D.C., for Appellant Pharmaceutical Research and Manufacturers of America. Anthony G. Brown, Attorney General, Joshua R. Chazen, Assistant Attorney General, Howard R. Feldman, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, for Appellees. William B. Schultz, Margaret M. Dotzel, Alyssa Howard Card, ZUCKERMAN SPAEDER LLP, Washington, D.C., for Amici Curiae.

RICHARDSON, Circuit Judge:

In 2024, Maryland enacted H.B. 1056, which imposes restrictions on drug manufacturers participating in the federal 340B program.* Md. Code § 12-6C-09.1. Specifically, the Maryland statute prohibits a "340B manufacturer" from "directly or indirectly . . . limit[ing]" the distribution of "a 340B drug to" a "pharmacy that is under contract with . . . a covered entity," unless required by federal law or regulation. Md. Code § 12-6C-09.1(c)(1). The state law defines "340B manufacturer," "340B drug," and "covered entity" by reference to 42 U.S.C. § 256b, which establishes the 340B program. *Id.* § 12-6C-09.1(a). In short, H.B. 1056 imposes obligations on drug manufacturers solely by virtue of their participation in the federal 340B program and does not regulate manufacturers outside that program.

Plaintiffs—drug manufacturers and an industry trade association—sued to enjoin H.B. 1056's enforcement on several grounds, including that it was preempted by the federal statute. The district court found that the plaintiffs were unlikely to succeed on the merits and denied the preliminary injunction. This appeal followed.

Maryland was not the only state to pass a law that targeted 340B program participants. West Virginia passed a materially similar statute, *see* W. Va. Code § 60A-8-

* The 340B program is a spending-power bargain between Congress and drug manufacturers. *Pharm. Rsch. & Mfrs. of Am. v. McCuskey*, No. 25-1054, slip op. at 5 (4th Cir. March 31,2026) [*PhRMA*]; 42 U.S.C. § 256b. Manufacturers that "opt into" the 340B program must provide price discounts on drugs sold to specified health-care providers. *Astra USA, Inc. v. Santa Clara Cnty.*, 563 U.S. 110, 113 (2011). In turn, these manufacturers gain access to payment under Medicaid for covered drugs. *Id.* at 114–15; *see also PhRMA*, slip op. at 7–8.

6a, which this Court recently held is likely preempted. *PhRMA*, slip op. at 30–31. We also held that the remaining injunction factors supported granting a preliminary injunction. *Id.* at 29; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In light of this Court's decision in *PhRMA*, we hold that the district court erred as a matter of law. *See United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110 (1801); *Thorpe v. Housing Auth. of Durham*, 393 U.S. 268, 281–82 (1969). We leave it to the district court to determine in the first instance, applying the principles set forth in *PhRMA*, the propriety of preliminary relief.

Accordingly, we vacate the district court's order and remand for further proceedings consistent with *PhRMA*.

*VACATED AND REMANDED*

DEANDREA GIST BENJAMIN, Circuit Judge, dissenting:

When Congress established the 340B program, its "goal was simple: stretch scarce healthcare dollars and expand access to essential medications for vulnerable communities." *AbbVie, Inc. v. Murrill*, 166 F.4th 528, 534 (5th Cir. 2026). The 340B program requires drug manufacturers—as a condition of coverage of their products under Medicaid and Medicare Part B—to agree to offer certain drugs to covered entities that serve uninsured and low-income individuals at discounted prices. 42 U.S.C. § 256b. Many covered entities lack the resources to operate in-house pharmacies, so they partner with outside pharmacies to dispense the discounted drugs. In recent years, drug manufacturers have imposed restrictive policies that constrain covered entities' use of contract pharmacies. States around the country responded by enacting statutes to combat such policies and preserve access to necessary drugs for the people Congress sought to protect. Drug manufacturers, in turn, have mounted a wave of litigation contending that the 340B program preempts these state measures.

We heard oral argument on the constitutionality of two such state statutes: Maryland's H.B. 1056 and West Virginia's S.B. 325. Md. Code § 12-6C-09.1; W. Va. Code § 60A-8-6a. In the West Virginia case, the majority departed from the unanimous view of the circuit courts[1] and the overwhelming consensus view of the district courts[2] and held

---

[1] *AbbVie, Inc. v. Murrill*, 166 F.4th 528, 538–42 (5th Cir. 2026); *AbbVie, Inc. v. Fitch*, 152 F.4th 635, 648 (5th Cir. 2025); *Pharm. Rsch. & Mfrs. of Am. v. McClain*, 95 F.4th 1136, 1143 (8th Cir. 2024).

[2] Since my dissent in *Pharmaceutical Research & Manufacturers of America v. McCuskey*, No. 25-1054, 2026 WL 898259, at *16 nn.2–3 (4th Cir. Mar. 31, 2026)

that West Virginia's S.B. 325 is likely preempted by the 340B program. *See Pharm. Rsch. & Mfrs. of Am. v. McCuskey*, No. 25-1054, 2026 WL 898259, at *8–12 (4th Cir. Mar. 31, 2026). There, I dissented because no binding or persuasive authority sets out or requires a

---

(Benjamin, J., dissenting), I have identified additional relevant decisions. At least 11 district courts have refused to enter preliminary injunctions on comparable state statutes. *Pharm. Rsch. & Mfrs. of Am. v. Weiser*, 2026 WL 763970 (D. Colo. Mar. 18, 2026); *AstraZeneca Pharms. LP v. Lopez*, 2026 WL 497141 (D. Haw. Feb. 23, 2026); *Pharm. Rsch. & Mfrs. of Am. v. Frey*, 2026 WL 184504 (D. Me. Jan. 23, 2026)*; Novartis Pharm. Corp. v. Frey*, 2025 WL 2813787 (D. Me. Sept. 23, 2025); *Astrazeneca Pharms. LP v. Weiser*, 2025 WL 3653161 (D. Colo. Dec. 17, 2025); *AbbVie, Inc. v. Weiser*, 811 F. Supp. 3d 1264 (D. Colo. 2025); *AbbVie Inc. v. Neronha*, 1:25-cv-00388-JJM-AEM (D.R.I. Sept. 30, 2025); *AstraZeneca Pharms. LP v. Fitch*, 766 F. Supp. 3d 657 (S.D. Miss. 2024); *Novartis Pharms. Corp. v. Fitch*, 738 F. Supp. 3d 737 (S.D. Miss. 2024); *AbbVie Inc. v. Skrmetti*, 2025 WL 1805271 (M.D. Tenn. June 30, 2025); *AbbVie, Inc. v. Brown*, 1:24-cv-01557-MJM (D. Md. Sept. 10, 2024).

And at least five district courts have dismissed a drug manufacturer's preemption arguments on a motion to dismiss or motion for summary judgment. *Pharm. Rsch. and Mfrs. of Am. v. Skrmetti*, 2026 WL 803261, at *11–15 (M.D. Tenn. Mar. 23, 2026) (dismissing manufacturers' claim that Tennessee law was preempted); *AbbVie Inc. v. Skrmetti*, 2026 WL 542712, at *10–12 (M.D. Tenn. Feb. 26, 2026) (same); *Pharm. Rsch. & Mfrs. of Am. v. McClain*, 645 F. Supp. 3d 890, 902 (E.D. Ark. 2022) (granting summary judgment for state on manufacturers' claim that Arkansas law was preempted), *aff'd*, 95 F.4th 1136 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 768, (2024); *Astrazenca Pharms. LP v. Bailey*, 2025 WL 644285, at *3 (W.D. Mo. Feb. 27, 2025) (dismissing manufacturers' claim that Missouri law was preempted); *Pharm. Rsch. & Mfrs. of Am. v. Murrill*, 2024 WL 4361597, at *8–9 (W.D. La. Sept. 30, 2024) (granting summary judgment for state on manufacturers' claim that Louisiana law was preempted).

So, that totals to 16 district courts that have rejected or dismissed a drug manufacturer's preemption arguments, compared to the two district courts that have found otherwise. *See Pharm. Rsch. & Mfrs. of Am. v. Morrisey*, 760 F. Supp. 3d 439 (S.D. W. Va. 2024); *see also AbbVie, Inc. v. Drummond*, 2025 WL 3048929 (W.D. Okla. Oct. 31, 2025).

heightened preemption analysis for laws passed under the Spending Clause.[3] *See McCuskey*, 2026 WL 898259, at *21–24 (Benjamin, J., dissenting).

Because the majority vacated and remanded the district court's order consistent with its *McCuskey* decision, I dissent here for the same reasons I did in *McCuskey*. Maryland did not overstep its bounds by enacting H.B. 1056. I would have affirmed the district court's denial of a preliminary injunction.

---

[3] After we heard oral argument, it seems as if drug manufacturers have astutely taken note of the majority's interest in Congress' spending power and have begun advancing those arguments in their latest challenges to state delivery statutes. Yet two district courts (which, so far as I am aware, are the only two district courts to consider the argument) have already found the Spending Clause arguments unlikely to succeed. *See Weiser*, 2026 WL 763970, at *4; *see also Lopez*, 2026 WL 497141, at *14.